UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Donald Butler,

       Plaintiff,

v.

LeeAnn Chin's Cuisine,
Shawn Murphy, and
James Doe,

       Defendants.

Civil No. 07-cv-3317 (PJS/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on cross-motions to enforce a settlement agreement. *See* Doc. Nos. 22, 30. The motions have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. *See* Doc. Nos. 28, 35.[1] For the reasons set forth below, the Court recommends that Defendants' motion to enforce the settlement agreement be granted, and that Plaintiff's motion for default judgment and to enforce the settlement agreement be denied.

**I.   BACKGROUND**

This is an employment discrimination case brought by pro se Plaintiff Donald Butler ("Butler"). Butler filed this action in Ramsey County District Court alleging violations of various Minnesota and federal employment laws and the Fourteenth Amendment to the U.S. Constitution. On July 12, 2007, the original three Defendants, LeeAnn Chin's Cuisine, Shawn

---

[1] The parties briefed their respective motions, and oral argument was set for February 5, 2008. Plaintiff did not appear at the motions hearing. The Court, therefore, did not allow oral argument and took the matter under advisement on the basis of the papers filed.

Murphy, and James Doe, removed the case to federal court based on federal question jurisdiction.

On October 5, 2007, Butler and Defendant LeeAnn Chin's Cuisine ("LeeAnn Chin") executed a settlement agreement. *Aff. of C. John Jossart*, Ex. 1. The current dispute revolves around the following provision in that agreement:

> **Consideration**. If Butler does not rescind this Agreement pursuant to Paragraph 3 hereof, and in consideration of Butler's execution and compliance with the terms and conditions of this Settlement Agreement, Leeann Chin shall pay and deliver to Butler Five Thousand and no/100 Dollars ($5,000.00)…. This payment is taxable as payroll wages and Leeann Chin shall make the usual and customary withholdings for federal and state income tax, social security and medicare [sic]…. Butler also agrees to execute and deliver to Leeann Chin's counsel a Stipulation for Dismissal with Prejudice regarding this action.

*Id.* at p. 3.

Butler and LeeAnn Chin signed the agreement. The individual Defendants, Shawn Murphy and James Doe, Leeann Chin employees, did not sign the agreement. Doe and Murphy, however, are expressly mentioned throughout the agreement, including in Butler's release of claims.[2]

On October 7, 2007, Butler and LeeAnn Chin signed a stipulation that all claims against Defendant LeeAnn Chin be dismissed from this action.

On October 29, 2007, Defendants' lawyer mailed Butler his settlement payment. LeeAnn Chin deducted federal and state income tax, social security, and Medicare withholdings from the $5,000 settlement amount, resulting in a settlement check to Butler totaling $3,160.77. *Jossart Aff.*, Ex. 4. Butler cashed the settlement check on October 31, 2007. *Id.*

---

[2] The Settlement Agreement refers to James Kettner, who is named as Defendant James Doe in the instant lawsuit.

The stipulation of dismissal regarding LeeAnn Chin was filed on November 19, 2007. *See* Doc. No. 20. On November 20, 2007, the District Judge dismissed all claims against LeeAnn Chin based on that stipulation. *See* Doc. No. 21.

## II.     ANALYSIS

The Defendants request that the Court enforce the settlement agreement and dismiss this action, because LeeAnn Chin made the settlement payment to Butler in accordance with the settlement agreement. Butler counters that he agreed to settle the matter for $5,000 total, not $5,000 minus applicable withholdings. He, therefore, requests that the Court order payment to him of the $1,839.23 difference.

### A.     Threshold Enforcement Issues

Before reaching the merits of parties' dispute, the Court examines two threshold issues: 1) the Court's jurisdiction to enforce the settlement agreement; and 2) the individual Defendants' ability to enforce a settlement agreement they did not sign. Neither issue precludes enforcement of the agreement.

#### 1.     Court's Jurisdiction to Enforce Settlement Agreement

The District Judge dismissed all claims against Defendant LeeAnn Chin with prejudice and on the merits on November 20, 2007, pursuant to the parties' stipulation. *See* Doc. Nos. 20, 21. Whether by accident or design, and for reasons unknown to the Court, the individual Defendants were not included in the parties' stipulation or the related dismissal, and remain in the case. The Court continues, therefore, to exercise jurisdiction over the case, despite the dismissal of LeeAnn Chin. Consequently, the Court also retains jurisdiction to enforce the settlement agreement, and has the inherent authority to do so.

As succinctly stated in *Luigino's Inc. v. Societes des Produits Nestle S.A.*, No. Civ. 03-4186 (ADM/RLE), 2005 WL 735919, *1 (D. Minn. Mar. 30, 2005):

> It is well established that a district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it.

(citing *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995)). *See also Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999); *Bergstrom v. Sears, Roebuck and Co.*, 532 F. Supp. 923, 934 (D. Minn. 1982) ("The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation.") (quotation omitted).

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), is inapposite. That case dealt with a court's authority to enforce a settlement agreement where the case had already been fully dismissed on the parties' stipulation of dismissal. The Court held that *post-dismissal jurisdiction* existed only where the settlement agreement terms were made part of the dismissal order or the dismissal order retained jurisdiction over the agreement. *Id.* at 378. These concerns are not present here, since this case has not been fully dismissed.[3]

In sum, the Court retains jurisdiction to enforce the settlement agreement in this matter, because the case remains pending with respect to the individual Defendants.

### 2. Individual Defendants' Ability to Enforce Settlement Agreement

Only Butler and LeeAnn Chin signed the settlement agreement. All claims against LeeAnn Chin have been dismissed from this case. Apart from the Court's jurisdiction to enforce

---

[3] Neither is an evidentiary hearing needed to explore the existence or terms of the settlement. The settlement agreement was fully executed, LeeAnn Chin tendered the settlement check to Butler, and Butler cashed it. Thus, no evidentiary hearing is warranted, because the agreement was fully executed and its terms are unambiguous. *Luigino's*, 2005 WL 735919 at *2 (citing *Gatz v. Southwest Bank of Omaha,* 836 F.2d 1089, 1095 (8th Cir. 1988)); *Barry*, 172 F.3d at 1013.

4

the settlement agreement, the question arises whether the individual Defendants, who did not sign the agreement, can enforce it. Neither party addressed this issue.

A person not a party to a contract may nonetheless have standing to enforce it if he is an intended third-party beneficiary of it. *See Dayton Develop. Co. v. Gilman Finan. Srvcs., Inc.*, 299 F. Supp. 2d 933, 937 (D. Minn. 2003) (citing *Buchman Plumbing Co., Inc. v. Regents of the Univ. of Minn.*, 215 N.W.2d 479, 483 (Minn. 1974)).[4] Under Minnesota law, a court may recognize third-party beneficiary rights where: 1) such recognition is appropriate under the circumstances; and 2) the third-party meets the "intent to benefit" test. *Dayton*, 299 F. Supp. 2d at 937.[5]

The intent to benefit test requires that the contract evidence some intent to benefit the third-party through contractual performance. *Id.* (citations omitted). Thus, where the contract fails to even reference a third party, the requisite intent to benefit does not exist. *Id.*

Here, the settlement agreement is replete with references to the individual Defendants. Butler expressly releases all claims against them. The agreement states that it is intended to "fully and completely resolve the disputes between Butler and Shawn Murphy, James Kettner and Leeann Chin…." *Jossart Aff.*, Ex. 1, p. 1. So, while the individual Defendants did not actually sign the agreement, they were clearly intended to benefit from it, and can, therefore, enforce it. Moreover, it is appropriate under the circumstances to allow them do to so given that the agreement clearly encompasses them.

---

[4] The settlement agreement states that it is governed by Minnesota law. *Jossart Aff.*, Ex. 1, p. 4. Thus, the Court applies Minnesota law to interpret the agreement. *See Northwest Airlines, Inc. v. Astraea Aviation Srvcs., Inc.*, 111 F.3d 1386, 1392 (8th Cir. 1997).

[5] Third-party beneficiary rights can also be established under the "duty owed" test, an issue not examined here. *See Dayton*, 299 F. Supp. 2d at 937.

### B.     Settlement Agreement Language Controls

Butler signed the settlement agreement.  It specifically states that the settlement payment "is taxable as payroll wages and Leeann Chin shall make the usual and customary withholdings for federal and state income tax, social security and medicare [sic]."  Butler's argument that he agreed to settle the case for $5,000 net contradicts the agreement's plain language.

Under Minnesota law, settlement agreements are governed by contract law principles. *Sheng v. Starkey Labs, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995).  Where the plain language of the agreement is unambiguous, it controls.  *Knudsen v. Transp. Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. Ct. App. 2003) ("[W]hen a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent."). *See also Alpha Real Estate Co. v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 312 (Minn. 2003) (parol evidence rule "prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing") (quotation omitted).  As the settlement agreement clearly states that customary payroll withholdings will be deducted from the settlement amount, that language dictates enforcement of the agreement as written, and Butler's statements about the parties' intent cannot vary that result.[6]

The Court, therefore, recommends enforcement of the settlement agreement in favor of the remaining individual Defendants and dismissal of this lawsuit.

---

[6] Defendants also argue that the doctrine of accord and satisfaction warrants dismissal of this matter, because Butler cashed the settlement check.  This doctrine is not examined here, as the settlement agreement's plain language is a sufficient basis upon which to grant Defendants' motion.

## III.  CONCLUSION

The Court has the inherent authority to enforce the settlement agreement at issue.  While the individual Defendants remaining in the case did not sign the agreement, they are intended third-party beneficiaries of it.  They may, therefore, enforce it.  The agreement's unambiguous language reflects Butler's release of claims against all Defendants in exchange for $5,000 minus applicable withholdings, which was paid to him.  The Court, therefore, recommends granting Defendants' motion to enforce the agreement and dismissal of this matter with prejudice.  The Court also recommends denial of Butler's motion to enforce the settlement agreement and for a default judgment in the amount of the withholdings taken from the $5,000 settlement payment.

## IV.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

- A.  Defendants' Motion to Enforce Settlement Agreement (Doc. No. 22) be **GRANTED**.
- B.  Plaintiff's Motion for Default Judgment and Enforcement of Settlement Agreement (Doc. No. 30) be **DENIED.**
- C.  This action be **DISMISSED WITH PREJUDICE AND IN ITS ENTIRETY.**

Dated:  March 10, 2008.

                                    s/ *Jeqnne J. Graham*
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **March 24, 2008**. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.